In the Matter of the Application of THE 134 WILLIAM STREET Co., INC., Petitioner, for an Order of Mandamus against JOHN J. BENNETT, JR., as an Individual and as Attorney-General of the State of New York, THOMAS M. LYNCH and Others, as Individuals and as the State Tax Commission of the State of New York, Defendants.

Supreme Court, Albany County, March, 1933.

*Alfred L. Cameron* [*Pearce H. E. Aul* of counsel], for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*Wendell P. Brown* of counsel], for the defendants.

SCHENCK, J. This is a mandamus proceeding to compel action by the Attorney-General and the members of the State Tax Commission individually and in their official capacities in respect to a

certain corporation franchise tax assessed against The 134 William Street Co., Inc., petitioner herein, pursuant to the provisions of subdivision 2 of section 182 of the Tax Law.

From the moving papers it appears that petitioner was incorporated in 1917 under the laws of this State for the purposes of carrying on a real estate and investment business. Prior to July 1, 1930, it was engaged exclusively in owning and holding real estate, the purchase and sale thereof and subleasing real property held under a leasehold for a term of twenty years or more, by the terms of which the real property taxes were paid by the lessee as part of the consideration for the leasehold. From the date of its incorporation until March, 1931, it filed annual franchise tax reports as a real estate corporation, pursuant to the provisions of section 182 of the Tax Law and was classified as such by the Tax Commission and paid taxes imposed by that section. On March 12, 1932, the petitioner filed its annual tax report, from which it appeared that the petitioner then owned no real property, that the value of its leasehold was $28,142.07, that its stock holdings were of the value of $23,032 and that it owned bonds and other securities of the value of $294,390. Upon receipt of this report, the Tax Commission advised petitioner, in writing, that it appeared to be taxable under article 9-A of the Tax Law and requested that it report pursuant to the provisions thereof. This report was filed for the tax year beginning November 1, 1931, from which it appeared that the petitioner had no net income for the calendar year 1930, that the par value of its issued capital stock was $250,000, that its entire assets were of the value of $703,666.90 and that its entire liabilities, excluding capital stock and surplus, amounted to $45,916.27, making a net worth of $657,750.63. On July 21, 1932, the Tax Commission assessed against the petitioner under the provisions of article 9-A for the tax year beginning November 1, 1931, the amount of $250, being at the rate of one mill upon the value of the petitioner's outstanding capital stock, and on that date assessed the added franchise tax upon change of classification imposed by subdivision 2 of section 182 of the Tax Law, in the sum of $8,155.02, being two per cent of $407,750.63, the net worth of the corporation in excess of its paid-in capital stock, as shown in its report.

The petitioner applied to the Tax Commission on September 2, 1932, for a revision of the tax and upon such application a hearing was held before Commissioner Merrill, one of the State Tax Commissioners, and Deputy Commissioner Canfield, at which hearing petitioner was represented by its president and by its counsel. As a result of this hearing, at which petitioner's president was sworn

and gave testimony, the petitioner was notified, in writing, that the Tax Department having heard the proofs offered on behalf of the petitioner in support of its said application for a revision and resettlement of the taxes assessed and determined against it, had after due consideration of such proof, affirmed the assessment made in the sum of $8,155.02 and determined that amount as the sum which petitioner was liable for under the provisions of section 182, subdivision 2, of the Tax Law. Such notice of determination of assessment was signed by Deputy Tax Commissioner Canfield and countersigned by Commissioner Merrill and Acting Commissioner Rockefeller. After the receipt of this notice of determination, the petitioner on February 6, 1933, filed a petition with the Tax Commission requesting a revision of the said tax and a further hearing in order that it might show that its actual net worth was less than that shown on its tax return. The Tax Commission, under date of February 8, 1933, in reply to this petition for a revision, advised petitioner that a formal hearing had been held, a formal determination had been rendered, that no further hearing would be granted, and that the matter was definitely closed.

Petitioner alleges that there was a failure of compliance with the provisions of article 8 of the Tax Law in that said alleged hearing was informal, as it was attended by one Commissioner only, and that the determination was invalid, being in violation of sections 170, 171 and 171-a of the Tax Law, and that the petitioner should be reinstated as a real estate corporation under article 9 for franchise tax purposes. By the show cause order the defendants were required to show cause why an order should not be entered commanding the Tax Commission and the individuals composing the same to forthwith reinstate the petitioner as taxable under article 9 as a real estate corporation, or convene as a body or otherwise give a formal hearing in accordance with law to the petitioner " to determine accurately the actual net worth of petitioner as of July 1, 1930, and to ascertain the facts of the transactions and the dates of same, and to assess, determine, revise and readjust the disputed tax in the sum of $8,155.02, and otherwise act and render decision thereon as law and justice may require."

This matter came on to be heard at a Special Term of this court on February 24, 1933. Thereafter, on February 27, 1933, as appears from the supplemental affidavit filed in opposition to the motion, a majority of the Tax Commission made and signed a formal, final determination upon the application of the petitioner for a revision and resettlement of the added tax upon change of classification, which determination affirmed the assessment made against the petitioner for the sum of $8,155.02.

Corporations wholly engaged in the purchase and sale of real estate are taxed under section 182 of article 9 of the Tax Law. The additional tax of $8,155.02, which is here disputed, is levied under subdivision 2 of section 182, which added tax is assessed due to change of classification, making the corporation amenable to section 188, or article 9-A. The portion of this section relevant to the question here involved reads as follows: " Any corporation, joint stock company or association classified under this section as a real estate corporation, upon change of classification making it amenable to section one hundred and eighty-eight, or article nine-a, of the tax law, shall, for purposes of taxation upon its franchise hereunder, be subject to and shall, at the time of such change of classification, pay an added tax at the rate of two per centum upon a base measured by the corporation's actual net worth in excess of its actual paid in capital stock plus the amount of any dividends made or declared subsequent to the close of the preceding calendar year."

Section 198 provides that if the taxpayer be dissatisfied with the audit and statement of the Tax Commission, it may file an application for revision and the Commission is required to grant a hearing and if it shall appear upon such hearing by evidence submitted or otherwise that such account or statement included taxes or other charges which could not have been lawfully demanded, or that payment has been illegally made or exacted, or that the tax as originally assessed was less than it should have been, the Commission is required to resettle the same and adjust the account or statement accordingly. Such determination of the Commission is subject to review by certiorari upon application therefor, made within ninety days after the service of the notice of the Commission's final determination. The Tax Law further provides that the full amount of the taxes, percentage, interest and other charges audited and stated in such account must be deposited with the Commission before such application is made, together with an undertaking for costs. (Tax Law, §§ 199, 200.)

In view of the specific provisions of the Tax Law for a review by certiorari, mandamus will not lie if the Tax Commission has made a lawful and final determination after a formal hearing, as provided by the statute. The petitioner alleges that the hearing was informal, that only one Commissioner was present and that the so-called formal determination of February 27, 1933, is illegal and subject to the same objection in law as the first determination.

Under the provisions outlining the powers and duties of the State Tax Commission, section 171 of the Tax Law provides that any member of such Commission may be designated to take testi-

mony and proofs under oath with reference to any matter within the line of the Commission's duty. It is further provided in section 171-a that the members of the Commission, or a majority of them, shall act as a body in exercising the powers and performing the duties conferred or imposed upon the Commission by article 9 in relation to the revision and resettlement of accounts for taxes under such article on applications made therefor. At the hearing held at the office of the Department of Taxation and Finance on December 21, 1932, Commissioner Merrill was present and presided at that hearing. The determination was made by two members, Commissioner Merrill and Commissioner Hennessey, constituting a majority of the Commission. It appears, therefore, that the petitioner has been accorded a proper hearing and may not now demand a further hearing.

An orderly procedure for review by certiorari of the determination of the Commission may be found in sections 199 and 200 and the remedy there provided is exclusive of all other remedies at law. (*United States Trust Company* v. *Mayor, etc., of New York*, 144 N. Y. 488.)

Mandamus will not lie to compel the Tax Commission to discharge a duty involving the exercise of judgment or discretion in a specified manner, for that would be merely the substitution of the judgment or discretion of the court for that of the Commission. (*People ex rel. Harris* v. *Commissioners*, 149 N. Y. 26; *Matter of Burr* v. *Voorhis*, 229 id. 382; *People ex rel. Equitable Life Assurance Society* v. *Chapin*, 103 id. 635.)

Order may be entered denying the motion, with fifty dollars costs.