LEE H. MORSE, Plaintiff, *v.* NEW YORK STATE TAX COMMISSION, Defendant.

Supreme Court, Special Term, Chemung County, June 14, 1954.

*Nathaniel L. Goldstein, Attorney-General (John C. Crary, Jr.,* of counsel), for defendant.

*Harry Moseson* for plaintiff.

McAvoy, J. This is a motion, pursuant to rule 113 of the Rules of Civil Practice, for summary judgment dismissing plaintiff's complaint and also asking for a dismissal under rule 107, upon the ground that the action did not accrue within the time limited by law.

The moving papers show that plaintiff filed a personal New York State income tax return for the year 1946. The return recited that plaintiff was in the grocery business. That his inventory at the beginning of the taxable year was $2,755 plus $44,358.39, cost of merchandise bought for sale, and $298.50 for materials and supplies. That he had no inventory at the end of the year.

The schedule 10, under the heading " Return of Net Capital Gain Subject to Net Capital Gain Tax", plaintiff listed sale of " Store " and apartment — sale price $15,000 — depreciation chargeable $6,435 — gain $630.50.

· On March 31, 1949, the commission wrote plaintiff asking for additional information regarding the sale of the real property and the grocery store. This information was not supplied. Thereafter, and on November 9, 1949, the commission proceeded to revise the return (Tax Law, § 373) and made an additional assessment giving plaintiff notice thereof in the following form.

" EXPLANATION : Gain on sale of grocery store and business connected property is subject to Normal Tax and Unincorporated Business Tax. Refund is made of the Capital Gain Tax paid."

" Corrected gain on sale of business $15,000 less depreciation chargeable $6,435, shows corrected equity $8,565 against the sale price of $15,000, corrected gain $6,435."

This amount of corrected gain was added by the commission to plaintiff's ordinary income as reported and the additional assessment made accordingly, including an Unincorporated Business tax.

Thus, it appears from the information furnished on the face of the return that the commission had a right to conclude that the sale of the " store " was in connection with the sale of the grocery business and that the real property had been used in the conduct of such business. This being so, the commission might properly contend that the sale of the " store " could not be listed as a capital item, and that any gain derived therefrom should be added to ordinary income and taxable as such. (*Matter of Appleby* v. *Bates,* 278 App. Div. 12.)

However, whether the commission was right or wrong in making the additional assessment is not the decisive point here. The question is whether the commission had before it sufficient information justifying an opinion that the return as filed was incorrect in some essential respect. We think it did, as hereinabove pointed out. Under the circumstances, the commission was within the proper exercise of its administrative powers in revising the return. If plaintiff felt aggrieved thereby, he had a right to a hearing before the commission (Tax Law, § 374) and the right to review its determination in the Supreme Court by certiorari (Tax Law, § 375).

Therefore, we believe that remedy was exclusive under the statute and the only remedy available to plaintiff. Not having availed himself of it within the statutory period, the present action will not lie.

The case of *Brown* v. *New York State Tax Comm.* (199 Misc. 349, affd. 279 App. Div. 837, affd. 304 N. Y. 651), relied upon by the plaintiff, is not an authority to the contrary. There, the question involved was whether or not the complaint in an action for a declaratory judgment stated a cause of action upon its face. The gist of the complaint was to the effect that the commission, without any information or facts before it to justify an opinion that the return was incorrect, made an arbitrary and unwarranted additional assessment for the sole purpose of extending the statutory period within which a revision of the return might be made. That was done after the commission had on several occasions asked the taxpayer to consent to an extension of the statutory time for a determination of the tax, which request had been refused. There the complaint alleged, in substance, that the commission acted wholly without jurisdiction and that its action was a nullity. The Appellate Division upheld the trial court's failure to dismiss the complaint upon the ground that it was sufficient as a pleading.

Here, as we have pointed out, the answer and the moving affidavit show that the commission had sufficient facts before it to at least justify its opinion that the return was incorrect. Hence, no triable issue of fact is presented and the defendant's motion for summary judgment dismissing the complaint must be granted.

In view of the determination here made it is not deemed necessary to pass upon any other issues raised by the defendant.

An order may be submitted in accordance herewith.