GILBERT MACKAY ASSOCIATES, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 32399.)

Court of Claims, December 28, 1954.

*Nathaniel L. Goldstein, Attorney-General* (*Douglas L. Manley* of counsel), for defendant.

*Milton I. Newman* for claimant.

SYLVESTER, J. The State moves to dismiss the claim herein because it fails to state a cause of action (Rules Civ. Prac., rule 106) and for the reason that the court lacks jurisdiction of the subject of the action (Rules Civ. Prac., rules 106, 107). It is said that in the instant circumstances, an exclusive remedy is provided by statute (Tax Law, §§ 199, 375, 386-j) by way of a proceeding in the Supreme Court and that the Court of Claims therefore lacks jurisdiction to entertain the action. Upon a consideration of the motion under rule 106, the allegations of the claim are deemed to be admitted (*Dun & Bradstreet* v. *City of New York,* 276 N. Y. 198). The action is brought to recover the sum of $1,577.73 paid under protest to the State by claimant and represents a total of assessments of unincorporated business taxes together with interest and penalties for the fiscal years ending May 31, 1947, and May 31, 1948. It is alleged that the assessments were illegal because made more than three years after the filing of claimant's tax returns in each instance, and it is a conceded fact that more than three years intervened between filing and assessment. Section 373 of the Tax Law, with exceptions not here material, imposes a limitation upon the State by providing that the amount of tax due under any return shall be determined by the tax commission within three years after the return is made. And, it is assumed that an appropriate remedy to procure refund of the taxes would, in a case like this, be available to claimant if diligently pursued.

The provisions of sections 374 and 375 of the Tax Law prescribe a procedure of refund or recoupment where the assessment is illegal or where it includes an amount " which could not have been lawfully demanded ". (Tax Law, § 374.) Thus, claimant could have filed an application for revision of the assessment within one year (Tax Law, § 374). If denied, then upon demand within ninety days, it would be afforded a hearing (Tax Law, § 374). In turn, any adverse determination would have been reviewable (Tax Law, § 375) upon certiorari by the Supreme Court (Tax Law, § 199) if applied for within ninety days. These procedures, however, were not

availed of by the claimant within the required time and it now finds itself without the benefit of recourse to the indicated remedies. It, therefore, deems it expedient to invoke the aid of this court and urges that it is properly here. Section 375 of article 16 of the Tax Law which is made applicable to the administration of unincorporated business tax by section 386-j, reads: '' The remedy provided by this section for review of a determination of the tax commission shall be the exclusive remedy available to any taxpayer to judicially determine the liability of such taxpayer for taxes under this article.'' And section 199, which deals with a review of the Tax Commission's determination upon certiorari by the Supreme Court, reiterates the language of section 375 with respect to the exclusiveness of the remedy. Thus, the plain statutory language points to the Supreme Court remedy of review by certiorari as the exclusive mode of relief to judicially determine the tax liability. The action in this forum to recover the alleged overpayment of tax which, obviously, involves the issue of tax liability, would, therefore, not lie. (*United States Trust Co. of New York* v. *Mayor,* 144 N. Y. 488; *Morse* v. *New York State Tax Commission,* 205 Misc. 1030; *Matter of the 134 William St. Co.* v. *Bennett,* 146 Misc. 772, affd. 240 App. Div. 920.) Accordingly, the motion to dismiss the claim is granted.

Submit order.