17 N.J. Super. 395 (1952)
86 A.2d 133
CHARLES H. SCHLICHTING, PLAINTIFF,
v.
MYRTLE E. WINTER AND GEORGE P. WINTER, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided January 8, 1952.
*396 Mr. Joseph H. Gaudielle, attorney for plaintiff.
Mr. Sidney Cohn, attorney for defendants.
GRIMSHAW, J.S.C.
This matter was before me on an application for an interlocutory injunction. In the memorandum filed at that time, most of the essential facts of the controversy were set forth. I found that the plaintiff had failed to establish the existence of a neighborhood scheme of development and that his right to relief was based upon his position as a subsequent grantee from the common grantor.
At the final hearing it appeared that the plaintiff Schlichting had violated the very covenant which he seeks to have enforced against the defendants. This of itself is sufficient ground for denying the relief which he seeks. DeGray v. Monmouth Beach Club House Co., 50 N.J. Eq. 329 (Ch. 1892); Roberts v. Scull, 58 N.J. Eq. 396 (Ch. 1899).
*397 There is, however, a further point which requires comment at this time. In the memorandum filed in connection with the application for an interlocutory injunction, on the authority of Waters v. Collins, 70 A. 984 (Ch. 1895), affirmed without opinion by the Court of Errors and Appeals, I held that a restriction against the erection of a building within 35 feet of the front or street line of the property, included, in the case of a corner lot, the line of the street at the side of the lot as well as the line of the street on which the lot fronted. After further consideration, I am now of the opinion that that conclusion was erroneous. Were it not for the fact that the defendants' lot is on a corner, there would be no difficulty. Defendants' lot fronts on Broad Avenue and, under the restriction in her deed, she is required to build her home 35 feet back from the "front or street line of said premises." Nothing is mentioned about a set-back from the side line of the lot. Does the fact that the side line of the lot is a street alter the situation? Is a set-back from the side line required simply because of that fact? I now think not.
It is well settled that equity will not aid one man to restrict another in the uses to which he may lawfully put his property unless the right to such aid is clear. And certainly this matter is not free from doubt.
"`It is well settled that, in cases where the right of a complainant to relief by the enforcement of a restrictive covenant is doubtful, "to doubt is to deny."' The reasons for the rule * * * are: (1) Because restrictions of the lawful uses of property are against common right; and (2) because restrictions, in the framing of which a subsequent purchaser has had no voice, ought to be so clear that by the acceptance of the deed that declares them he may reasonably be deemed to have understood and acceded to them." Howland v. Andrus, 81 N.J. Eq. 175 (E. & A. 1912).
Since the plaintiff's right is at most doubtful, the restraint will be lifted and the complaint will be dismissed.