141 N.J. Super. 73 (1976)
357 A.2d 289
IN THE MATTER OF THE APPLICATION OF GEORGE T. PHILLIPS FOR WRIT OF HABEAS CORPUS, COMPLAINANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 20, 1976.
Decided April 22, 1976.
*75 Before Judges MATTHEWS, LORA and MORGAN.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Morton L. Anekstein, Assistant Deputy Public Defender, on the brief).
Mr. William F. Hyland, Attorney General, attorney for respondent State of New Jersey (Mr. Joseph J. Rodgers, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by MATTHEWS, P.J.A.D.
George T. Phillips appeals from the denial of a writ of habeas corpus. He was charged with having picked up his six-month-old child and throwing her against the wall, causing her serious injury. He was arrested and brought before the municipal court where a complaint for atrocious assault and battery was filed against him by a police officer. He was remitted to the Middlesex County Workhouse and bail in the amount of $20,000 was fixed. He was unable to meet the bail and consequently remained in the workhouse. He was also charged with possession of a weapon, and $500 bail was fixed on that charge. Phillips thereafter filed an application for a writ of habeas corpus. His application was based on his claim that his confinement was unlawful because the municipal court was without jurisdiction over him and the subject matter of the complaint because of the enactment of N.J.S.A. 9:6-8.21 et seq.; further, that the Middlesex County Prosecutor abused his discretion by not referring the matter to the Juvenile and Domestic Relations Court.
The writ was denied. The trial judge found that nothing in the above-mentioned statute mandated the transfer of a *76 criminal complaint for atrocious assault and battery to the Juvenile and Domestic Relations Court merely because the crime was perpetrated against a child. This appeal followed.
While this appeal was pending Phillips was indicted by a Middlesex County grand jury for atrocious assault and battery (N.J.S.A. 2A:90-1), and child abuse (N.J.S.A. 9:6-1 and 9:6-3). The State contends that in view of the indictment this appeal should be dismissed and Phillips should be remitted to the trial court for appropriate proceedings against the indictment. We disagree. Without deciding the issue, and the further issue as to whether the State should have proceeded with the presentation of the police officer's complaint to the grand jury during the pendency of this appeal, we proceed to the substantive issue raised by Phillips because we believe the interests of justice so require.
Phillips' principal argument in support of his contention that the trial judge erred in denying him his writ relies on a construction of N.J.S.A. 9:6-8.21 et seq., which would amount to a decriminalization of his alleged act of atrocious assault and battery upon his child. As we understand his argument, he contends that N.J.S.A. 9:6-8.24 vests exclusive original jurisdiction in the Juvenile and Domestic Relations Court over proceedings under the act in question which allege the abuse of a child; that since his alleged atrocious assault and battery falls within the statutory definition of child abuse, N.J.S.A. 9:6-8.21(c), the only valid proceedings are those which could be instituted by the Juvenile and Domestic Relations Court. Furthermore, he argues, the sole procedural mechanism for bringing his alleged assault and battery within the jurisdiction of the criminal court is by referral to the county prosecutor after a finding by the Juvenile and Domestic Relations Court judge that the processes of the court are inappropriate to dispose of the matter. N.J.S.A. 9:6-8.25(a). We find these arguments completely without merit.
The short answer to plaintiff's argument is found in the provisions of N.J.S.A. 9:6-8.25(c):
*77 Nothing in this act shall be interpreted to preclude the county prosecutor from bringing criminal action against the parent or guardian or any other person even though the child involved is initially or ultimately the subject of proceedings in the juvenile and domestic relations court. [Emphasis supplied]
This section makes it clear that the normal processes of criminal justice are still applicable to plaintiff's acts in the present matter regardless of the court in which proceedings involving the child are initiated.
In our view, acceptance of plaintiff's position that legal action against him must first be initiated in the Juvenile and Domestic Relations Court would render N.J.S.A. 9:6-8.25(b) superfluous or absurd. Statutory interpretations which lead to absurd or unreasonable results clearly are to be avoided. State v. Gill, 47 N.J. 441, 444 (1966). Section 8.25(b) provides that the prosecutor or the criminal court in which the criminal complaint charging facts amounting to child abuse is made, may transfer the complaint to the Juvenile and Domestic Relations Court. However, the prosecutor or criminal court may decide to retain the criminal complaint for prosecution and need only transfer the proceedings with regard to the child to the Juvenile and Domestic Relations Court. Plaintiff's claimed construction of the statute would require the prosecutor to refer all complaints involving child abuse to the Juvenile and Domestic Relations Court. The statutory language clearly does not support that argument. We conclude that the prosecutor is permitted to exercise his discretion in regard to whether a referral is appropriate or not. Clearly, the Legislature did not divest the criminal court of jurisdiction in the first instance in a situation comparable to the facts presently before us.
A statute is to be given a reasonable construction so as to sustain the probable legislative purpose. Alexander v. N.J. Power & Light Co., 21 N.J. 373, 378 (1956). The purpose of the child abuse law which is set forth in N.J.S.A. 9:6-8.8 is to provide for the protection of children *78 and to insure that the lives of innocent children are safeguarded from injury and death:
The purpose of this act is to provide for the protection of children under 18 years of age who have had serious injury inflicted upon them by other than accidental means. It is the intent of this legislation to assure that the lives of innocent children are immediately safeguarded from further injury and possible death and that the legal rights of such children are fully protected.
There is an obvious lack in this statement of purpose of any reference to treating abusing parents in other than the normal criminal process.
The Juvenile and Domestic Relations Court is limited in the type of control it may exercise over a parent of an abused child. The court may place the parent under supervision of the probation department for a maximum of two years and/or require the parent to accept therapeutic services. N.J.S.A. 9:6-8.51. This type of control is designed with the welfare of the child in mind by seeking to improve conditions in the home and by fostering a more successful child relationship. Probationary terms and therapeutic services are not designed to deal with the serious acts of violence which endanger the child's life and which constitute offenses against society. In short, we conclude, the statutory scheme before us contemplates the continued jurisdiction of the criminal courts over parental acts which fall within the proscriptions of the criminal laws.
In view of the conclusions we have reached, we deem it unnecessary to deal with the other arguments raised by Phillips on this appeal.
Affirmed.