RAYMOND L. SCHWARTZ, PRESIDENT, DOVER EDUCATION ASSOCIATION AND WILLIAM A. BULMER, UNISERVE FIELD REPRESENTATIVE IN BEHALF OF THE INDIVIDUAL PETITIONERS AND DOVER EDUCATION ASSOCIATION, PETITIONERS-APPELLANTS, v. DOVER PUBLIC SCHOOLS IN THE COUNTY OF MORRIS, RESPONDENT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted March 31, 1981—Decided August 6, 1981.

Before Judges BOTTER, KING and McELROY.

*Saul R. Alexander*, attorney for appellants.

*Green & Dzwilewski*, attorneys for respondent (*Allan P. Dzwilewski* on the brief).

A statement in lieu of brief was filed for respondent State Board of Education (*James R. Zazzali*, Attorney General of New Jersey, attorney; *John J. Degnan*, former Attorney General; *Alfred E. Ramey, Jr.*, of counsel).

PER CURIAM.

This appeal concerns the meaning of *N.J.S.A.* 18A:30–2 which provides for paid sick leave for "a minimum of 10 school days in any school year" for various employees of boards of education. The collective bargaining agreement between the parties provided that employees were entitled to ten days sick leave a year without loss of pay, but any employee "whose contract is effective after the beginning of the school year shall be allowed one

day of sick leave for each remaining month of the contract period." The State Board of Education (State Board) upheld the contract provision against the claim that *N.J.S.A.* 18A:30-2 requires an allowance of ten days of sick leave in any school year for each employee regardless of when the employment began in that year.

Appellants contend that the State Board's decision should be reversed because *N.J.S.A.* 18A:30-2 by its plain terms requires a minimum of ten sick leave days a year per employee regardless of the length of time in the year that the employee has worked. Appellants contend that the provision in the collective bargaining agreement violates the legislative intent. Thus, appellants contend that an employee who comes on board near the end of the school year must be given the same ten days of sick leave as an employee who has worked the entire school year.

The Dover Education Association (Association) is the majority representative of employees of the Dover Board of Education. It filed a petition on April 9, 1979 to the State Commissioner of Education contending, in the first count, that Louise Moore has been a full-time compensatory education teacher commencing March 1, 1978 and that she worked through June 30, 1978, during which time she used one sick day. In September 1978 she was informed that her sick leave accumulation as of that day was three days. Apparently Louise Moore had been allowed one day a month of sick leave for four months, of which one day was used, leaving a balance of three days. This calculation conformed to Article IV, paragraph A, of the collective bargaining agreement between the parties in effect for the school year of 1978–1979. A grievance was filed challenging the amount of sick leave granted Louise Moore, and the claim was rejected by the Dover Board of Education. The petition to the Commissioner asserted that the contract provision violated the applicable statute. The second count of the petition claimed that a number of other teachers had been denied proper sick leave credit for various years. Annexed to the petition was a list of 22 teachers who were allegedly denied proper sick leave credits during their

initial years of employment. Claims were made for a number of days, ranging from one to seven, for each of these teachers. One of these teachers began employment as far back as March 1965, another in February 1966, and others in various years from 1970 to 1979. Additional credits of three, three and five days of sick leave were claimed for three teachers respectively while on unpaid maternity leave in 1973, 1977 and 1978.

The provisions for sick leave in the collective bargaining agreement were as follows:

## ARTICLE IV

## EMPLOYEE ABSENCE

*SICK LEAVE*

1. Sick leave is hereby defined to mean the absence from his or her post of duty, of any person because of personal disability due to illness or injury, or because he or she has been excluded from school by the school district's medical authorities on account of a contagious disease or of being quarantined for such disease in his or her immediate household.

2. Employees shall be entitled to ten (10) days sick leave per year without loss of pay.

3. An employee whose contract is effective after the beginning of the school year shall be allowed one day of sick leave for each remaining month of the contract period.

4. All unused sick leave time shall accumulate, without limit.

5. Accumulation of sick leave allowance shall be based on consecutive years of service. An employee shall be considered as rendering consecutive service as long as the Board does not terminate his service.

6. A leave of absence does not constitute an interruption of service, but during a leave of absence there shall be no accumulation of sick leave.

*N.J.S.A.* 18A:30–2 provides as follows:

All persons holding any office, position, or employment in all local school districts, regional school districts or county vocational schools of the state who are steadily employed by the board of education or who are protected by tenure in their office, position, or employment under the provisions of this or any other law, except persons in the classified service of the civil service under Title 11, Civil Service, of the Revised Statutes, shall be allowed sick leave with full pay for a minimum of 10 school days in any school year.

An Administrative Law Judge concluded that the contract provisions were in conflict with *N.J.S.A.* 18A:30–2 because the statute provides that a minimum of ten paid days of sick leave

"shall" be allowed, and "shall" was used in a mandatory rather than a permissive sense. He reasoned that the statute literally required an allowance of ten days of sick leave and said nothing about prorating those days. He also rejected respondent's defense that petitioners' claims were barred by laches. This decision was adopted by the Commissioner of Education by inaction and the passage of time. *N.J.S.A.* 52:14B–10(c).

The State Board reversed the Commissioner's decision and dismissed the petition. In a written opinion it said:

> The Commissioner's view would mean that if an employee started work on June 1st, became sick the next day and was out ill for the remainder of the school year, he would be entitled to 10 days of sick leave with pay—the same amount of leave that would be available to a teacher who had worked the entire year. We believe that such an interpretation is not required by the language of the statute, and that it finds no support in reason or logic.

The State Board held that the question before it was whether a local board of education could validly agree in a collective bargaining agreement that an employee whose contract becomes effective after the beginning of the school year would be allowed one day of sick leave for each remaining month of the contract. The State Board held that such a provision did not conflict with *N.J.S.A.* 18A:30–2 and was therefore a validly negotiated term or condition of employment. The State Board also held that many of the claims arose six years before the filing of the petition and were barred by the statute of limitations. Accordingly, it found that the principles of laches and equitable estoppel would apply to most, if not all, of the claims.

 We affirm essentially for the reasons given by the State Board of Education. Reason is said to be the "soul of law," and the sense of a statute should control over its literal terms. *State v. Carter* 64 *N.J.* 382, 390–391 (1974). Interpretations which lead to absurd or unreasonable results should be avoided. *State v. Gill*, 47 *N.J.* 441, 444 (1966); *Marranca v. Harbo*, 41 *N.J.* 569, 574 (1964). In the latter case the court, considering an interpretation of a statute urged by a party, observed, "No one can think of a reason why the Legislature would want that extraordinary result . . . ." We take the same

view of the statute before us. There is no reason why the Legislature would want to grant the same number of sick leave days to an employee who has only worked one or two months of the school year as are guaranteed to employees who worked the full year. Appellants contend that the failure of the legislature to provide a method of allocation where an employee works less than a full year precludes such an interpretation. We disagree. *N.J.S.A.* 18A:30–2 is directed toward employees who are "steadily employed" or who are protected by tenure. It is more likely that the Legislature was contemplating regular, full time employees and did not contemplate employees who were hired for less than a full school year. Employees who work a full school year are guaranteed ten days of paid sick leave. A reasonable interpretation is to allow a proportionate amount of sick leave for those employed less than a full school year.

This disposition of the case makes it unnecessary for us to pass upon the issue of laches as a bar to petitioners' claims. The staleness of those claims suggests that the practice of allocating sick leave had been in effect as far back as 1965 without anyone challenging the reasonableness of that interpretation.

Affirmed.