779 A.2d 460 (2001)
343 N.J. Super. 583
Robert BARRON, Appellant,
v.
STATE HEALTH BENEFITS COMMISSION, Respondent.
Superior Court of New Jersey, Appellate Division.
Argued by telephone February 23, 2001.
Decided August 23, 2001.
Bruce M. Gorman, Rio Grande, argued the cause for appellant (Gorman & Rauh, attorneys; Mr. Gorman, on the brief).
*461 Sherrie L. Gibble, Deputy Attorney General, argued the cause for respondent (John J. Farmer, Jr., Attorney General, attorney; Mary C. Jacobson, Assistant Attorney General, of counsel; Ms. Gibble, on the brief).
Before Judges SKILLMAN, WECKER and LESEMANN.
The opinion of the court was delivered by SKILLMAN, P.J.A.D.
The issue presented by this appeal is whether appellant Robert Barron, who was a member of three different State pension systems during the thirty-one years he was employed by various local school districts and State institutions of higher learning, is entitled upon retirement to the same free medical coverage under the State Health Benefits Program (SHBP) as a retiree who was a member of the same State pension system during the entire course of public employment of twenty-five or more years duration.
Appellant was employed as a teacher in Middle Township High School for five years from the late 1950s to the mid 1960s during which he was enrolled in the Public Employees Retirement System (PERS). He then taught for twelve years at Rutgers University, during which time he also was enrolled in the PERS. As a result, he accumulated a total of seventeen years service credit in the PERS.
In 1981, appellant began teaching at Stockton State College. At that time, he transferred from the PERS to the Alternate Benefit Program (ABP), under which employer and employee contributions are used to purchase private retirement benefit contracts for members. When appellant transferred from the PERS to the ABP, he transferred his accumulated PERS deductions as well as the PERS reserves required to fully fund his pension from the PERS to the ABP. Appellant continued his employment at Stockton until 1986.
Beginning in 1989, appellant was employed as a teacher at Wildwood High School. At that time, he was no longer eligible to participate in the ABP but was instead required to become a member of the Teachers' Pension and Annuity Fund (TPAF). Appellant retired from this position in 1998.
Upon his retirement, appellant was awarded a retirement benefit from the TPAF based on nine years and three months of service credit. In addition, appellant is eligible to receive benefits under his ABP private retirement benefit contract.
When he retired, appellant also sought the benefit of the free medical coverage under the SHBP that is provided to a member of the TPAF or other State-administered pension system after twenty-five years of creditable service. However, the State Health Benefits Commission (SHBC) rejected appellant's claim on the ground that the statutory provisions authorizing this benefit do not "permit an aggregation of service credit in various pension systems" in determining eligibility.
Appellant appeals from this determination. We conclude that the appellant is entitled to free medical coverage under the SHBP because he has more than twenty-five years of aggregate service credit in the ABP and TPAF.
N.J.S.A. 52:14-17.32f provides that "[a] qualified retiree from the [TPAF]" and his or her dependents are entitled to free medical coverage under the SHBP. "A qualified retiree" is defined as including a member of the system "[r]etired on a benefit based on 25 or more years of service credit." N.J.S.A. 52:14-17.32f(a).
*462 The same benefit is available to retirees in other State-administered retirement systems. N.J.S.A. 52:14-17.32(c)(1) provides that free medical coverage shall be provided to any "retired State employee and his dependents covered under [the SHBP] ... if such employee retired from a State-administered retirement system on a benefit based on 25 years or more of service credited in such system." N.J.S.A. 52:14-17.32f1(a) extends this benefit to "any employee of a board of education who retires on a benefit based upon 25 or more years of service credit in the [PERS]."
The SHBC acknowledges that appellant would be entitled to free medical coverage under these provisions if he had retired with twenty-five years of service credit in the TPAF, ABP or PERS. See N.J.A.C. 17:9-6.1(b)(3)(iii). However, the SHBC concluded that because appellant did not have twenty-five years of service credit in any one retirement system, he does not qualify for this benefit.
A court's overriding goal in construing a statute is to determine and give effect to the underlying legislative intent. James v. Board of Trs. of Pub. Employees' Ret. Sys., 164 N.J. 396, 404-05, 753 A.2d 1061 (2000). To this end, individual statutory provisions should not be read in isolation but rather as parts of a harmonious legislative plan. Fiore v. Consolidated Freightways, 140 N.J. 452, 466, 659 A.2d 436 (1995). Moreover, "[i]nterpretations [of a statute] which lead to absurd or unreasonable results are ... to be avoided." State v. Gill, 47 N.J. 441, 444, 221 A.2d 521 (1966).
The evident legislative intent in enacting N.J.S.A. 52:14-17.32f, N.J.S.A. 52:14-17.32(c)(1) and the various other related statutory provisions was to provide free medical coverage for members of State-administered retirement systems who accrue twenty-five or more years of service credit. There is no affirmative expression of a legislative intent to limit this benefit to public employees who retire with twenty-five years of service credit in a single retirement system. Thus, the provision under which appellant seeks free medical coverage, N.J.S.A. 52:14-17.32f(a), defines a "qualified retiree" as including a member of the system who "[r]etired on a benefit based on 25 or more years of service credit," without specifying that that credit must be solely as a member of the TPAF. Moreover, we cannot conceive of any reasonable legislative purpose that would be served by providing free medical coverage to a public employee who retires with twenty-five or more years of service credit in a single retirement system but denying that benefit to an employee who retires with twenty-five years aggregate service credit in several systems, but less than that number of years in any single system. Therefore, in the absence of any explicit legislative directive to limit the benefit in this fashion, we believe that these statutory provisions should be construed to extend free medical coverage to any public employee who retires with twenty-five years aggregate service credit in State-administered retirement systems whose retirees qualify for this benefit.
We reject the SHBC's argument that we should refuse to allow the aggregation of service credits in different pension systems to establish a right to free medical coverage after retirement because the Division of Pensions and Benefits "has consistently interpreted the statute to preclude aggregating service credit from two or more pension systems to meet the eligibility requirements of N.J.S.A. 52:14-17.32f." The Division has failed to provide any documentation or other support for the assertion that it has "consistently interpreted" the statute to preclude aggregation, and counsel for the SHBC acknowledged *463 at oral argument that it is relatively unusual for an employee to have service credit in more than one State administered system at the time of retirement. More commonly, public employees who transfer from one retirement system to another also transfer their service credit, as authorized by N.J.S.A. 18A:66-15.1 (TPAF), N.J.S.A. 43:15A-14 (PERS) and other similar provisions. However, such a transfer cannot be made by a participant in the ABP because of the different nature of that retirement system. Therefore, the situation presented by this appeal is unusual, if not unique, and SHBC has failed to show the existence of a long-standing administrative interpretation of the relevant statues that would be entitled to judicial deference. See James v. Board of Trs. of Pub. Employees' Ret. Sys., supra, 164 N.J. at 405, 753 A.2d 1061.
Accordingly, the SHBC's final decision denying appellant's application for free health benefits under the SHBP is reversed.