25 A.3d 1183 (2011)
422 N.J. Super. 1
STATE of New Jersey, Plaintiff-Respondent,
v.
Eric Clemente RANGEL a/k/a Hugo Olivares, Defendant-Appellant.
No. A-2051-09T3.
Superior Court of New Jersey, Appellate Division.
Submitted February 14, 2011.
Decided August 22, 2011.
*1185 Yvonne Smith Segars, Public Defender, attorney for appellant (Michael C. Kazer, Designated Counsel, on the brief).
Robert A. Bianchi, Morris County Prosecutor, attorney for respondent (Paula Jordao, Assistant Prosecutor, on the brief).
Before Judges A.A. RODRÍGUEZ, LeWINN and COBURN.
The opinion of the court was delivered by
LeWINN, J.A.D.
This appeal requires us to interpret language in the sexual assault statute, namely N.J.S.A. 2C:14-2(a)(3), which elevates the offense to first-degree aggravated sexual assault if
an act of sexual penetration of another person is committed under . . . the following circumstance[ ]: . . . [t]he act is committed during the commission, or attempted commission . . . of robbery, kidnapping, homicide, aggravated assault on another, burglary, arson or criminal escape. . . .
[Emphasis added.]
We conclude that the proper interpretation of the phrase "on another" in this section is that the aggravated assault must be on a third person, committed for the purpose of compelling the submission of the sexual assault victim. Elevation of the offense based on aggravated assault of the sexual assault victim is addressed in N.J.S.A. 2C:14-2(a)(6), discussed below. Because defendant was indicted and tried under N.J.S.A. 2C:14-2(a)(3), and the record does not establish that he assaulted a third party during his sexual assault of the victim, we vacate his convictions based upon that statutory section.
Defendant was indicted for first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(3) (count one); second-degree attempted aggravated sexual assault, N.J.S.A. 2C:5-1(a)(3) and 2C:14-2(a)(3) (count two); second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1) (count three); third-degree criminal restraint, N.J.S.A. 2C:13-2(b) (count four); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) (count five); and fourth-degree obstructing the administration of justice, N.J.S.A. 2C:29-1 (count six). The State dismissed count four prior to trial. Tried to a jury, defendant was convicted of all remaining counts.
Defendant was sentenced to a term of twenty years subject to the No Early Release Act, N.J.S.A. 2C:43-7.2 (NERA), on the first-degree aggravated sexual assault charge; a consecutive term of seven years on the second-degree aggravated assault charge; and a concurrent 365-day term on the fourth-degree obstruction charge; he was also sentenced to five years of parole supervision. The remaining charges were merged.
The trial evidence established that in the early morning hours of April 22, 2007, then-eighteen-year-old P.F. was walking home from a party, first with two girlfriends but then alone after her friends took a different route. As she walked, P.F. heard a man shouting at her from behind. She saw defendant approaching and began to run away. As defendant chased her, P.F. called 9-1-1 on her cell phone and was on with the dispatcher when defendant caught up with her. A tape of P.F.'s 9-1-1 call was marked into evidence and the prosecutor played it for the jury during her testimony.
Defendant attacked P.F. from behind, repeatedly punching her in the head and face, causing her to fall and strike her head on the pavement. She continued to fight back while on the ground, punching defendant in the face. Defendant continued to strike her and finally, fearing for her life, P.F. stopped fighting.
*1186 As P.F. lay motionless on the ground, defendant "ripped off [her] pants . . . [and] started touching [her] vagina with his fingers." She then "hear[d] a belt come off and . . . [h]e was taking off his pants." She felt what she thought was a penis touching the lips of her vagina.
The police arrived at this point. Defendant "got up and tried putting his pants on and he . . . ran, and then an officer came over to [her] and covered [her] with some blanket." P.F. was taken to the hospital by ambulance. Her head was pounding and she was bleeding from her nose. Photographs taken at the hospital showed that P.F.'s lips and nose were swollen.
At the conclusion of the State's case, defendant moved for a judgment of acquittal on count one based on the argument he has raised in his first point on appeal, namely that the term "aggravated assault on another" in N.J.S.A. 2C:14-2(a)(3) means an assault on a person other than the victim of the sexual assault. The judge denied the motion, concluding that "the statute is referring to acts upon the victim. It is an enhancement feature because it reflects an additional threat of physical harm to the victim that's over and above the act of penetration or the violent act." The judge noted further that defendant's motion for a judgment of acquittal was based on a legal, not factual, argument.
At the outset of the prosecutor's summation, she told the jury, "Let's put the focus back where it belongs, on that man. That man chased, attacked, beat and, yes, raped [P.F.]." Defendant immediately objected to use of the word "rape" and, following a sidebar conference, the judge told the jury that they were the judges of the facts and would be charged as to the law "us[ing] the language that's included in the statute. . . and rape is not one of the words that's contained in the statute."
At another point, defendant lodged an objection that a photograph depicting P.F.'s injuries had been on display to the jury throughout the prosecutor's summation. Defendant also objected to the prosecutor playing for the jury the tape of P.F.'s 9-1-1 call. The judge ruled that the tape, which was in evidence, could be played but that the photograph "should come down, it's been up there for a long time."
The judge's instructions to the jury included the following with respect to defendant's election not to testify:
Now the defendant has chose[n] not to be a witness in this case. It is his constitutional right to remain silent. I charge you that you are not to consider for any purpose or in any manner in arriving at your verdict, the fact that the defendant did not testify, nor should that fact enter into your deliberations or discussions in any manner, at any time. The defendant is entitled to have the jury consider all of the evidence and he is entitled to the presumption of innocence, even if he does not testify as a witness.

[Emphasis added.]
Defendant did not object to this instruction.
At sentencing, the judge found aggravating factors one, three and nine applied, N.J.S.A. 2C:44-1(a)(1), (3) and (9), and set forth his reasons for each factor. The judge found mitigating factor number seven applicable as defendant had no prior criminal history. N.J.S.A. 2C:44-1(b)(7). Noting that defendant was twenty years old at the time of the offenses, however, the judge concluded that "[m]uch weight. . . cannot be given to this mitigating factor. . . . [He] has not really been a law abiding citizen for a substantial period of time before the commission of this offense. *1187 The lack of a formal criminal charge and conviction is not totally indicative of one's compliance with the law."
Concluding that "the aggravating factors substantially outweigh the mitigating factor[,]" the judge sentenced defendant to a term of twenty years subject to NERA on the first-degree aggravated sexual assault charge. The judge also imposed a five-year term of parole supervision and the requirement that defendant "comply with registration and community notification laws."
In imposing a consecutive seven-year term, subject to NERA, on the second-degree aggravated assault charge, the judge noted:
The Yarborough[1] [sic] criteria ha[ve] been considered. The crimes . . . involved separate acts of violence and continuing threats of violence. . . . The crimes and their objectives were independent. Namely, the offense of aggravated assault was to subdue the victim, render her somewhat immobile. The aggravated sexual assault was obviously for the defendant's self-gratification, but more importantly an act of sexual defilement.
. . . [A]fter the . . . mergers, three [convictions] still remain. . . . [T]here can be no free crimes in a system for which punishment shall fit the crime. I therefore find that consecutive sentences are appropriate in relation to the aggravated sexual assault and the aggravated assault.
On appeal, defendant raises the following contentions for our consideration:
POINT ITHE TRIAL COURT MISAPPLIED ITS DISCRETION AND VIOLATED THE DEFENDANT'S RIGHT TO DUE PROCESS BY DENYING DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL ON COUNT ONE BECAUSE THE TERM "ON ANOTHER" IN N.J.S.A. 2C:14-2(A)(3) MEANS "OTHER THAN THE VICTIM"
POINT IITHE DEFENDANT'S RIGHT TO A FAIR TRIAL WAS VIOLATED BY THE PROSECUTOR'S OVERZEALOUSNESS IN SUMMATION
POINT IIITHE DEFENDANT'S RIGHT TO REMAIN SILENT WAS UNDERMINED BY THE TRIAL COURT'S JURY CHARGE (NOT RAISED BELOW)
POINT IVTHE AGGREGATE 27 YEAR BASE CUSTODIAL SENTENCE WAS MANIFESTLY EXCESSIVE
(A)
IMPOSITION OF SENTENCES IN EXCESS OF THE STATUTORILY AUTHORIZED MINIMUM 10 YEAR SENTENCE ON COUNT ONE AND MINIMUM 5 YEAR SENTENCE ON COUNT FIVE CANNOT BE SUPPORTED BY A QUALITATIVE ANALYSIS OF THE AGGRAVATING AND MITIGATING FACTORS PRESENT
(B)
IMPOSITION OF A CONSECUTIVE TERM ON THE DEFENDANT'S CONVICTION FOR AGGRAVATED ASSAULT ON COUNT FIVE WAS MANIFESTLY EXCESSIVE
(C)
THE TRIAL COURT MISAPPLIED ITS DISCRETION IN FAILING TO MERGE THE DEFENDANT'S CONVICTION *1188 ON COUNT FIVE INTO COUNT ONE
Having reviewed these contentions in light of the record and the controlling legal principles, we find merit in defendant's first point and, therefore, reverse his convictions on counts one and two. We note that in this point defendant seeks reversal only of count one. Count two, however, charges an attempt to violate N.J.S.A. 2C:14-2(a)(3); as such it suffers from the same deficiency we discuss below with respect to count one. Therefore, we exercise our original jurisdiction, pursuant to Rule 2:10-5, and reverse on that count as well.
Defendant's motion before the trial judge raised a question of law, notwithstanding defendant's characterization of that motion as one for a judgment of acquittal. "[A] trial court's legal conclusions are not afforded . . . deference; appellate review of legal determinations is plenary." State v. Handy, 206 N.J. 39, 45, 18 A.3d 179 (2011) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378, 658 A.2d 1230 (1995)).
N.J.S.A. 2C:14-2(a) defines "aggravated sexual assault" as the commission of
an act of sexual penetration with another person under any one of the following circumstances:
. . . .
(3) The act is committed during the commission, or attempted commission, whether alone or with one or more other persons, of robbery, kidnapping, homicide, aggravated assault on another, burglary, arson or criminal escape;
. . . .
(6) The actor uses physical force or coercion and severe personal injury is sustained by the victim. . . .
[(Emphasis added.)]
N.J.S.A. 2C:14-2(a)(3) (hereinafter "section (3)") identifies "triggering offense[s] . . . [that] elevate the crime of second-degree sexual assault to first-degree aggravated sexual assault[.]" State v. Drury, 190 N.J. 197, 209, 919 A.2d 813 (2007). Proof of a predicate offense in section (3) is sufficient to establish the absence of consent on the part of the victim. "We construe N.J.S.A. 2C:14-2a(3) to be a legislative determination that proof of one or more of the predicate crimes identified therein is all that is necessary to establish the absence of `affirmative and freely-given permission.'" State v. Jones, 308 N.J.Super. 174, 186-87, 705 A.2d 805 (App.Div.) (quoting In re M.T.S., 129 N.J. 422, 444, 609 A.2d 1266 (1992)), certif. denied, 156 N.J. 380, 718 A.2d 1209 (1998).
N.J.S.A. 2C:14-2(a)(6) (hereinafter "section (6)") raises the level of the offense to aggravated sexual assault when "[t]he actor uses physical force or coercion and severe personal injury is sustained by the victim[.]"
The term "physical force," like its companion term "coercion," acts to qualify the nature and character of the "sexual penetration." Sexual penetration accomplished through the use of force is unauthorized sexual penetration. That functional understanding of "physical force" encompasses the notion of "unpermitted touching" derived from the Legislature's decision to redefine rape as a sexual assault. . . .
[M.T.S., supra, 129 N.J. at 445, 609 A.2d 1266.]
Defendant contends that the language in section (3) "refers to an assault on someone other than the victim as the predicate offense since an assault on the victim is dealt with in" section (6). We find merit to that contention.
The phrase "on another" modifies only one of the seven predicate offenses *1189 listed in section (3), namely "aggravated assault." We deem it reasonable and logical to construe that anomaly as defining the situation in which an actor commits an aggravated assault, or attempts to commit such an assault, upon a third person such as a spouse or child, in order to compel a victim to submit to a sexual assault.
Such a form of third-party compulsion, sufficient to "establish the absence of `affirmative and freely-given permission[,]'" Jones, supra, 308 N.J.Super. at 187, 705 A.2d 805, (quoting M.T.S., supra, 129 N.J. at 444, 609 A.2d 1266), is recognized by numerous other states' rape and sexual assault statutes. See, e.g., Cal.Penal Code § 261(a)(2) (Deering 2011) (defining rape as an act of sexual intercourse "accomplished against a person's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person or another"); Conn. Gen.Stat. § 53a-70(a) (2011) (elevating sexual assault to a first-degree felony where the defendant "compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person . . . ."); Mont.Code Ann. § 45-5-501(1)(a)(i) (2010) (defining lack of consent as when "the victim is compelled to submit by force against the victim or another").[2]
By contrast, in N.J.S.A. 2C:14-2(a), the circumstance in which compulsion consists of physical force or coercion against the sexual assault victim is addressed by section (6); that section raises the level of the offense to aggravated sexual assault when "[t]he actor uses physical force or coercion and severe personal injury is sustained by the victim." Therefore, interpreting the reference to "aggravated assault on another" in section (3) as encompassing an aggravated assault on the victim would render subsection (6) redundant.
"When interpreting statutory language, the goal is to divine and effectuate the Legislature's intent." State v. Shelley, 205 N.J. 320, 323, 15 A.3d 818 (2011). In so doing, courts look first to "the language of the statute, giving the terms used therein their ordinary and accepted meaning." Ibid. "`[I]f the meaning of the text is clear and unambiguous on its face, [the courts] enforce that meaning.'" Drury, supra, 190 N.J. at 209, 919 A.2d 813 (quoting State v. Reiner, 180 N.J. 307, 311, 850 A.2d 1252 (2004)). Extrinsic evidence may be considered when the statutory language on its face is ambiguous and may "yield[ ] `more than one plausible interpretation.'" Shelley, supra, 205 N.J. at 324, 15 A.3d 818 (quoting DiProspero v. Penn, 183 N.J. 477, 492-93, 874 A.2d 1039 (2005)).
*1190 Moreover, "[w]hen interpreting penal statutes, the doctrines of strict construction and lenity also provide guidance." Ibid. The doctrine of lenity "holds that when interpreting a criminal statute, ambiguities that cannot be resolved by either the statute's text or extrinsic aids must be resolved in favor of the defendant." State v. Gelman, 195 N.J. 475, 482, 950 A.2d 879 (2008) (citing United States v. Bass, 404 U.S. 336, 348, 92 S.Ct. 515, 523, 30 L.Ed.2d 488, 497 (1971)). The doctrine of lenity is "founded on the long-standing and fundamental principle that a person facing a criminal charge is entitled to `fair warning. . . of what the law intends to do if a certain line is passed.'" Ibid. (quoting Bass, supra, 404 U.S. at 347-48, 92 S.Ct. at 522, 30 L.Ed.2d at 496) (internal citation omitted).
When interpreting a criminal statute, the rules of construction are "subordinate to the goal of effectuating the legislative plan as it may be gathered from the enactment when read in the full light of its history, purpose and context." State v. Lewis, 185 N.J. 363, 369, 886 A.2d 643 (2005) (internal quotation marks omitted). As for the history of N.J.S.A. 2C:14-2(a)(3), we note that the statute's current language was adopted with the enactment of the Criminal Code in 1979; at that time Chapter 14 was "totally revised by the Senate Judiciary Committee during its review of the Code." Senate Judiciary Committee, Statement to S.736 (May 15, 1978). No legislative history is available, however, to shed light on the particular language at issue.
Insofar as the "purpose[,]" Lewis, supra, 185 N.J. at 369, 886 A.2d 643, of the statute is to elevate the offense to aggravated sexual assault when the defendant uses physical force or coercion resulting in injury to the victim, that purpose appears to be served by section (6). Moreover, "the goal of effectuating the legislative plan[,]" ibid., for N.J.S.A. 2C:14-2(a) is hampered when section (3) is read in the "context[,]" ibid., of section (6). Clearly, the statute's inclusion of section (6) renders the phrase "on another" in section (3) ambiguous, at best, thereby requiring resolution "in favor of the defendant." Gelman, supra, 195 N.J. at 482, 950 A.2d 879.
"[A] court should strive to avoid statutory interpretations that `lead to absurd or unreasonable results.'" Ibid. (quoting State v. Gill, 47 N.J. 441, 444, 221 A.2d 521 (1966)). We conclude that interpreting "aggravated assault on another" in section (3) as referring to the victim of the sexual assault "lead[s] to [the] . . . unreasonable result[,]" ibid., of rendering section (6) superfluous.
Therefore, we conclude that defendant's convictions on counts one and two of the indictment cannot stand, as he was charged under an inapposite statute. "The State having failed to prove the essential elements of the crime charged, defendant's conviction must be reversed and a judgment of acquittal entered." State v. Anastasia, 356 N.J.Super. 534, 541, 813 A.2d 601 (App.Div.2003).
In light of defendant's remaining convictions, we have considered his other claims of trial error. We are satisfied those claims are "without sufficient merit to warrant discussion in a written opinion. . . ." R. 2:11-3(e)(2).
Finally, in light of our vacating of defendant's convictions on counts one and two of the indictment, defendant will face re-sentencing on the remaining counts. We therefore need not address his sentencing contentions.
Judgments of acquittal are entered on counts one and two; we affirm as to counts *1191 three, five and six but remand those counts for resentencing.
NOTES
[1] State v. Yarbough, 100 N.J. 627, 498 A.2d 1239 (1985), cert. denied, 475 U.S. 1014, 106 S.Ct. 1193, 89 LEd.2d 308 (1986).
[2] Other states having similar provisions include: Idaho Code Ann. § 18-6101(9) (2011); 720 III. Comp. Stat. 5/12-14(a)(3) (2011); Ind. Code Ann. §§ 35-42-4-1(b)(3), 35-42-4-2(b)(3) (2011); Iowa Code §§ 709.1(1), 709.3(1) (2011); Ky.Rev.Stat. Ann. § 510.010(2) (LexisNexis 2011); Me.Rev.Stat. 17-A, § 251(1)(e) (2011); Md.Code Ann., Crim. Law § 3-303(a)(2)(iii) (LexisNexis 2011); Mich. Comp. Laws § 750.520b(f)(iii) (2011); Minn.Stat. §§ 609.341, 609.342(c) (2010); Neb.Rev.Stat. § 28-318(9)(b) (2011); N.H.Rev.Stat. Ann. § 632-A:2(I)(d) (2011); N.M. Stat.Ann. § 30-9-10(A) (2011); N.Y. Penal Law § 130.00(8) (Consol. 2011); N.C. Gen.Stat. §§ 14-27.2(a)(2)(b), 14-27.4(a)(2)(b) (2010); N.D. Cent.Code § 12.1-20-03(1)(a) (2011); Okla. Stat. 21, § 1111(3) (2011); Or. Rev.Stat. § 163.305(2)(b) (2009); R.I. Gen. Laws § 11-37-1(2)(iv) (2011); S.D. Codified Laws § 22-22-1(2) (2011); Tex. Penal Code Ann. §§ 22.011(b)(7), 22.021(a)(2)(A) (West 2010); Utah Code Ann. §§ 76-5-405, 76-5-406(4)(a) (LexisNexis 2011); Vt. Stat.Ann. 13, §§ 3252(a)(3), 3253(a)(1), (5), (6) (2011); Va. Code Ann. § 18.2-61(A)(i) (2011); Wash. Rev. Code § 9A.44.010(6) (2011); W. Va.Code § 61-8B-1(1)(b) (2011); Wyo. Stat. Ann. §§ 6-2-302(a)(ii), 6-2-303 (2011).