# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2321-18T2

IN THE MATTER OF THE
CIVIL COMMITMENT OF K.K.[1]

_____

Argued telephonically November 21, 2019 –
Decided December 9, 2019

Before Judges Mayer and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Docket No. ATCC-1719-18.

Amy Beth DeNero, Assistant Deputy Public Defender, argued the cause for appellant K.K. (Joseph E. Krakora, Public Defender, attorney; Amy Beth DeNero, on the brief).

Brendan Joseph Kavanagh argued the cause for respondent Cumberland County Counsel (Kavanagh & Kavanagh, LLC, attorneys; Brendan Joseph Kavanagh, on the brief).

PER CURIAM

---

[1] We use initials to preserve the minor's privacy. R. 1:38-3(f)(2).

K.K., a minor, appeals from an order of civil commitment limited to a procedural issue regarding her commitment proceeding. She contends her procedural due process rights were violated because the commitment hearing was not held within fourteen days from "initial inpatient admission" under Rule 4:74-7A. We disagree and affirm.

The question before this court is when does the fourteen-day period for scheduling a minor's commitment hearing commence. K.K. argues calculation of the fourteen-day period commences the day the minor is admitted to a facility through a voluntary parental admission. Under K.K.'s interpretation of the rule, a facility admitting a minor through a voluntary parental admission would have to immediately apply to the court in anticipation of a possible involuntary commitment to schedule a hearing within fourteen days.

The civil commitment judge rejected K.K.'s interpretation of the rule, concluding the fourteen-day period should be calculated from the date of the temporary involuntary commitment order, after the minor has been in the care of the facility for up to seven days. For the reasons expressed in this opinion, we are satisfied the commencement of the time period for calculating the scheduling of a minor's initial commitment hearing begins upon the issuance of a temporary involuntary commitment order.

A-2321-18T2

The facts are undisputed. K.K.'s parents voluntarily admitted her to a hospital facility for mental health issues. The seven-day voluntary parental admission began on December 7, 2018. Before the seven-day period expired, the hospital determined K.K. required further observation and treatment. On December 13, 2018, the hospital applied for and received a temporary order of commitment. The December 13 order scheduled K.K.'s initial commitment hearing for December 27, 2018.

Counsel for K.K. asked the court to reschedule the initial hearing in accordance with Rule 4:74-7A(b)(2). K.K.'s attorney argued the rule required an initial commitment hearing for a minor be held within fourteen days of the minor's initial inpatient admission to the facility. Counsel asserted that the fourteen-day time period commenced on December 7, 2018, the date K.K.'s parents voluntarily admitted their daughter to the hospital. According to counsel's calculation, the initial commitment hearing should have been scheduled no later than December 22, 2018. The court declined to reschedule K.K.'s commitment hearing.

On December 27, 2018, K.K. appeared with her counsel for the initial commitment hearing. Counsel renewed her objection to the proceeding, arguing

A-2321-18T2

K.K.'s procedural due process rights were violated because the commitment hearing was untimely.

The hearing judge determined the date of conversion from a seven-day parental admission of a minor to an involuntary commitment triggers the fourteen-day time period for scheduling the initial commitment hearing. The judge found,

> [there is] impossibility that exists on many of these cases when a seven-day is converted. After seven or [fourteen] days even, it's impossible to date back to the initial day of admission even on the seven[th]-day and then have a hearing within fourteen days say if the conversion happens at the fourteenth day or the fifteenth day.

Recognizing the potential impossibility of scheduling an initial commitment hearing under K.K.'s interpretation of the rule, the judge explained,

> [M]y decision is going to be . . . something that can be applied to all cases and not just this fact-sensitive case which in this particular case, perhaps if we mobilized somehow, we could get here before the fourteen days, but that wasn't possible.
>
> So what I'm going to use as sort of a benchmark is the day of conversion from the seven-day [parental admission] to the involuntary status. The day of conversion to involuntary status was on December 14th which would mean that the hearing has to be held before [December] 28th.

Today being the 27th, I am . . . satisfied - - as satisfied as I can be with respect to all of the contradictions and confusions in this very unclear nebulous arena with respect to youth hearings for civil commitments, but I'm as satisfied as I can be at this time that we are within the time frame necessary and . . . we can proceed with the hearing or in the commitment.

On appeal, K.K. raises the following arguments:

POINT I

THE TRIAL COURT COMMITTED PLAIN ERROR OF LAW BY ORDERING [K.K.]'S CONTINUED COMMITMENT AS CONSTITUTIONAL GUARANTEES OF DUE PROCESS AND THE NEW JERSEY COURT RULE INDISPUTABLY REQUIRE[S] THAT A MINOR COMMITTEE'S INITIAL CIVIL COMMITMENT HEARING BE HELD WITHIN [FOURTEEN] DAYS OF THE MINOR'S INITIAL ADMISSION TO THE FACILITY.

POINT II

THE TRIAL COURT ERRED WHEN IT UTILIZED THE DATE OF [K.K.]'S CONVERSION FROM A [SEVEN]-DAY PARENTAL ADMISSION TO AN INVOLUNTARY CIVIL COMMITTEE AS THE TRIGGER FOR THE [FOURTEEN]-DAY TIME LIMIT AS THE PLAIN LANGUAGE OF R. 4:74-7A(d)(1) CLEARLY REQUIRES THAT A MINOR'S HEARING MUST BE SCHEDULED WITHIN [FOURTEEN] DAYS OF THE INITIAL ADMISSION TO THE FACILITY.

A-2321-18T2

Where the trial court makes its own "interpretation of the law and the legal consequences that flow from established facts," it is owed no special deference on appeal. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). The traditional canons of statutory interpretation govern court rules. State v. Robinson, 229 N.J. 44, 67 (2017). The statutory interpretation analysis begins with the plain meaning of the language. Wiese v. Dedhia, 188 N.J. 587, 592 (2006). The words of the rule must be "ascribe[d] . . . their ordinary meaning and significance . . . in context with related provisions so as to give sense to the legislation as a whole." DiProspero v. Penn, 183 N.J. 477, 492 (2005) (citations omitted).

When the language of a rule is susceptible of more than one plausible interpretation, a court may consider extrinsic evidence such as legislative history, committee reports, and contemporaneous construction to aid its analysis. Id. at 492-93. Courts should interpret rules "sensibly rather than literally," State v. State Troopers Fraternal Ass'n, 134 N.J. 393, 401 (1993) (quoting Schierstead v. Brigantine, 29 N.J. 220, 230 (1959)), to avoid absurd or unreasonable results. State v. Lewis, 185 N.J. 363, 369 (2005) (quoting State v. Gill, 47 N.J. 441, 444 (1966)).

The rule governing civil commitment of a minor provides for voluntary admission by a parent for up to seven days.  R. 4:74-7A(d)(1).  However,

> [i]f further hospitalization is then required, the applicant shall proceed in accordance with R. 4:74-7(e). If an application for commitment is made during such admission, the final hearing shall be held within 14 days of the initial inpatient admission to the facility, adjournable only in accordance with paragraph (b)(2) of this rule.
>
> [R. 4:74-7A(d)(1) (emphasis added).]

The terms "commitment" and "admission" are not defined in the rule. Throughout the rule, "admission" frequently refers to voluntary treatment, including treatment at the request of a minor's parents.  See R. 4:74-7A(c) ("Irrespective of whether the standard of involuntary commitment stated by this rule is met, any minor 14 years of age or over may request admission to a [defined facility] . . . on a finding that the minor's request is informed and voluntary"); R. 4:74-7A(d)(1) ("This rule shall not be construed to require any court procedure or approval for the admission of a minor by the minor's parent . . . to a [defined facility] . . . provided the admission is independently approved by a physician on the staff of the facility").

On the other hand, "commitment" often refers to involuntary, judicially ordered treatment.  See R. 4:74-7A(b)(2) ("order of temporary commitment");

7

R. 4:74-7A(b)(4) ("final order of commitment pursuant to R. 4:74-7(f) may be entered"); R. 4:74-7A(b)(5) ("[t]he commitment shall be judicially reviewed"); R. 4:74-7A(d)(1) ("[i]f an application for commitment is made during such [parental] admission"); R. 4:74-7A(d)(2) ("The [defined facility] shall [upon the admitting parent's request] discharge the minor as soon as practicable but no later than 48 hours after the request unless the facility obtains a temporary order of commitment.").

As the judge expressed in her oral decision, the "consensus [is] there is no consensus" on the exact meaning of the term "initial inpatient admission" for calculating the date of a minor's initial commitment hearing. Based on the ambiguity in the language of the rule, we look to extrinsic evidence and canons of statutory construction to resolve the issue. DiProspero, 183 N.J. at 492-93.

Rule 4:74-7A was drafted by the Mental Commitments Subcommittee (Subcommittee) of the Civil Practice Committee (Committee) to address the concerns of mental health care providers, advocates for children, and the New Jersey Supreme Court regarding the constitutional rights of minors in civil commitment proceedings. Throughout the text of the rule and in the committee reports preceding adoption of the rule, the terms "commitment" and "admission" are not defined and often are used interchangeably.

8

The rules governing civil commitments have been periodically reviewed to establish substantive standards and ensure the commitment process affords the requisite constitutional protections.  See In re Commitment of N.N., 146 N.J. 112, 119-24 (1996) (discussing legislative history of the commitment statute and rule).  Recognizing that the statute governing civil commitment only applied to adults, during the 1992-1994 rules cycle, the Subcommittee reviewed the rule related to civil commitment of minors.  Report of the Mental Commitments Subcommittee of the Civil Practice Committee, Dec. 1993 at 2.  The Subcommittee recommended "commitment hearings for minors within 14 days of a minor's initial commitment."  Id. at 17.  It explained:

> The Subcommittee is of the opinion that where the period of commitment for a minor is likely to be only 28 days, a hearing should be scheduled within the first 14 days of initial commitment rather than 20 days into a 28 day program.  The Subcommittee believes that 14 day hearings for minors will provide a meaningful opportunity to be heard within a reasonable time after admission and that 14 days are sufficient for hospital authorities to conduct assessments, and for the minor and his or her family to prepare for the hearing. . . .
>
> Additionally, if the rule is changed to require the scheduling of hearings for minors within 14 days of initial commitment, R. 4:74-7(c)(4) must also be amended to provide for the service of notices of hearing not less than five days prior to the hearing.
>
> [Ibid. (emphasis added).]

In the 1994-1996 rules cycle, the Committee sought public input regarding the civil commitment of minors. Based on that input, the Committee drafted proposed <u>Rule</u> 4:74-7A, governing civil commitment of minors, and sought additional public comment. 1996 Civil Practice Committee Report at 231-32.

Near the end of the 1994-1996 rules cycle, the Supreme Court decided <u>N.N.</u> The Court directed the Civil Practice Committee to recommend a rule implementing the substantive standards it established in <u>N.N.</u>, 146 N.J. at 138; <u>see</u> Pressler & Verniero, <u>Current N.J. Court Rules</u>, cmts. 1-2 on <u>R.</u> 4:74-7A (2020).

Following the Court's instruction, the Subcommittee proposed a rule incorporating the standards framed in <u>N.N.</u> Memorandum from the Mental Commitments Subcommittee to Civil Practice Committee Members (Nov. 19, 1996). In the Subcommittee's memorandum, it used the words "admission" and "commitment" interchangeably. <u>Ibid.</u> In January 1997, the Court adopted the Committee's proposed rule governing civil commitment of minors. 1998 Civil Practice Committee Report at 213. Neither the legislative history nor the text of the rule provide clear guidance in defining the terms "admission "and "commitment."

Having determined the plain language and legislative history of Rule 4:74-7A do not resolve the issue on appeal, we examine intent and purpose of the rule. McClain v. Bd. of Review, Dep't of Labor, 237 N.J. 445, 461 (2019). The legislative history, while not binding, provides insight into legislative intent and "overall policy and purpose" of the rule. In re City of Plainfield's Park-Madison Site, 372 N.J. Super. 544, 552-53 (App. Div. 2004) (citing Cedar Cove, Inc. v. Stanzione, 122 N.J. 202, 213 (1991)). "The construction that will best effectuate the [rule's] ultimate objectives is to be preferred." Cedar Cove, 122 N.J. at 213.

K.K.'s interpretation of Rule 4:74-7A does not further the objective and purpose of the procedural portion of the rule regarding the scheduling of the initial commitment hearing. The legislative history of the rule, as established in the Committee reports, Subcommittee memorandum, and the Court's decision in N.N., evidences the purpose of scheduling hearings within fourteen days of initial inpatient admission is to provide the minor, his or her family, and the hospital facility with the opportunity to prepare for the hearing. The rule also seeks to encourage and destigmatize the use of voluntary commitments as a treatment option for minors.

The immediate docketing of commitment proceedings for minors on the date of voluntary parental admission, as suggested by K.K., would undermine

11

the laudable goals of promoting least restrictive mental health treatment, encouraging voluntary commitment and minimizing the stigma associated with seeking treatment for mental health issues. Under K.K.'s interpretation of the rule, upon the day of a minor's admission to a facility, the hospital staff would be required to assess the minor instantaneously and decide immediately whether to seek commitment of the minor. Such a procedure would cause an unnecessary rush to medical judgment and stigmatize voluntary parental admissions of minors in need of mental health services. As a result, parents may be dissuaded from seeking critical care for their child.

Moreover, under K.K.'s interpretation of Rule 4:74-7A, where a minor's custody status is converted from a voluntary parental admission to temporary order of commitment after seven days, a hearing would have to be held seven days thereafter. Such a construction is inconsistent with the intent and purpose of the rule. The compressed schedule under K.K.'s reading of the rule would unduly truncate the parties' abilities to assess the minor patient, determine whether commitment of the minor is necessary, serve notice of the commitment hearing, and formulate arguments to be presented at the hearing. See In re Commitment of Z.O., 197 N.J. Super. 330, 336-37 (App. Div. 1984) (rejecting a similar argument under the repealed commitment statute).

Applying K.K.'s reading of Rule 4:74-7A would significantly decrease the time period for parties to prepare for the commitment hearing and would not further the objective or purpose of the rule. K.K.'s interpretation would create an "impossibly compressed time schedule," and we "cannot ascribe . . . the intent to create a time schedule that would not work." Z.O., 197 N.J. Super. at 336-37.

We also reject K.K.'s claim that the trial court's analysis and application of Rule 4:74-7A violated her constitutional liberty interests and due process protections. The State's authority to involuntarily commit people for psychiatric treatment is circumscribed by the constitutional rights accorded to the individuals to be committed. In re Commitment of S.L., 94 N.J. 128, 136 (1983). Procedural due process requires notice and a judicial hearing, at which the individual to be committed has the right to be represented by counsel and present evidence. Id. at 137.

Aside from her asserted six-day delay in the scheduling of the initial commitment hearing, K.K. received every other procedural and substantive due process right accorded in such a proceeding. She was represented by counsel in a judicial hearing. K.K. had the chance to present evidence on her own behalf, and her counsel had the opportunity to cross-examine testifying witnesses. We

are satisfied that K.K.'s constitutional rights were not violated as a result of scheduling her commitment hearing on December 27, 2018.

We understand from K.K.'s merits brief that judicial calculation of the fourteen-day time period for scheduling a minor's initial commitment hearing may vary throughout the State. We suggest that the Office of the Public Defender seek a clarification from the Civil Practice Committee regarding the date for commencement of the fourteen-day period for scheduling an initial commitment hearing in accordance with Rule 4:74-7A(d).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2321-18T2