**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2165-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DOMINICK COFONE,

     Defendant-Appellant.

_____

Argued October 8, 2024 – Decided October 16, 2024

Before Judges Firko and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Municipal Appeal No. MA-2023-020.

Kenneth Ralph argued the cause for appellant (Bruno & Ferraro, attorneys; Kenneth Ralph, of counsel and on the brief).

Stephen A. Pogany, Assistant Prosecutor, argued the cause for respondent (Theodore N. Stephens, II, Essex County Prosecutor, attorney; Stephen A. Pogany, on the brief).

PER CURIAM

Following a trial de novo in the Law Division, defendant Dominick Cofone was convicted of leaving the scene of an accident, N.J.S.A. 39:4-129(b), and failing to report an accident, N.J.S.A. 39:4-130.[1] He was sentenced to a six-month driver's license suspension, fines, and costs. The trial court stayed defendant's sentence pending appeal.[2] In his brief, defendant contends:

> THE GUILTY VERDICTS SHOULD BE VACATED BECAUSE THE STATE FAILED TO PROVE THE CHARGES OF LEAVING THE SCENE OF AN ACCIDENT AND FAILURE TO REPORT AN ACCIDENT BEYOND A REASONABLE DOUBT.
>
> A. The State Did Not Prove Beyond A Reasonable Doubt That [Defendant] Drove And Crashed Into The Parked Car.
>
> B. The State Failed To Prove Beyond A Reasonable Doubt That [Defendant] Violated The Charged Statutes By Unlawfully Leaving The Scene Of An Accident.

We affirm, substantially for the reasons set forth in the comprehensive written opinion of Judge Arthur J. Batista. There was sufficient credible evidence in the record to support the judge's finding that defendant left the scene of an accident and failed to report an accident.

---

[1] Defendant was found not guilty of careless driving, N.J.S.A. 39:4-97.

[2] The State consented to defendant's request to stay his sentence pending appeal.

I.

We derive the facts from the testimony and other evidence presented in the municipal court trial. On March 4, 2023, at 2:45 a.m., Evan Hall returned home to his parents' Richard[3] and Gail Hall's home. After exiting his Uber ride, Evan observed that his brother Brian's car, a Nissan Sentra, which was parked in front of the house, was damaged. Richard had been sleeping and was unaware of what happened to the car. Evan notified Richard and they contacted the Cedar Grove police department to report the damage.

Officer Anthony Grigolo responded and testified that he observed "significant damage" "to the rear bumper, rear fender and wheel area" of Brian's vehicle. Grigolo testified that other units arrived on the scene and canvassed the area to determine if there was a vehicle in the area with "matching damage."

Judge Batista credited Grigolo's testimony that he observed defendant's Tesla parked in the driveway of his home—located on the same street as the Hall's residence—"less than a block away" from the crash. Grigolo observed defendant's vehicle had "significant damage . . . to the front bumper area, front fender area and . . . the headlight area was damaged." Based upon his experience

---

[3] Individuals who share a last name with other individuals are referred to by their first names for ease of reference. By doing so, we intend no disrespect.

as a police officer, investigating motor vehicle accidents, he determined that the two subject vehicles were damaged in "a consistent manner." Specifically, Grigolo testified that the areas of both vehicles "in the two-car crash were matching, namely being opposite corners of each vehicle" and "[t]he levels of damage were similar in significance and the height of the damage on both vehicles match each other." Grigolo stated the damage to defendant's Tesla was "recent" because "it didn't appear that the operator of the vehicle would have left it in that manner if it was an older crash."

Grigolo and his supervisor, Sergeant Snyder,[4] approached defendant's residence. Here, the judge found Grigolo's testimony credible that defendant "appeared to be highly intoxicated" and dressed in clothing "that appeared to be consistent with going out" and "not just home for the evening." Defendant spoke with slurred speech, had a "significant odor of alcohol on his breath," and "bloodshot and watery eyes."

Based upon his conversation with defendant, Grigolo determined that defendant was the operator of the vehicle earlier that evening. Although defendant did not admit to driving the vehicle while intoxicated, Grigolo

---

[4] Sergeant Snyder's first name is not contained in the record.

A-2165-23

testified defendant "indicated that he had possibly been in a crash, making multiple statements that were vague or ambiguous in nature."

The judge reviewed Grigolo's body camera footage and confirmed it supported his testimony. The judge noted defendant was "cagey in his oddly delayed responses" to Grigolo's inquires. Grigolo's testimony was uncontradicted.[5]

The judge also credited Richard's testimony that when he went outside to see Brian's car, "it had been pushed a space and [was] obviously pretty much destroyed, or hit very hard" and was "totaled." Richard testified that he has known defendant as his "neighbor for twenty years." After the incident, Richard testified that defendant came to his house the following morning "to explain and apologize meaning it was late at night," it was "raining," and defendant "wasn't sure what vehicle . . . lights went on when he hit this."

Hall stated defendant explained that "he didn't want to go around ringing doorbells" and "he came right down to admit what had happened," and was "very gracious and apologetic." Hall added that defendant's insurance company "took care of everything." The judge found Hall was unaware that the police had

_____

[5] Notwithstanding their observations and belief that defendant was intoxicated, the judge noted the officers elected not to charge him with driving while intoxicated. N.J.S.A. 39:4-50.

already discovered defendant's involvement in the accident and had served him with motor vehicle summonses.

The judge rejected defendant's argument that the incident occurred late at night, and he did not want to "disturb his neighbors at that hour." Further, the judge was unpersuaded by defendant's argument that the rain prevented him from leaving a note and found it was "conveniently embroidered to serve his studied purpose." After striking Brian's vehicle, the judge stated defendant was required to immediately stop "then and there," locate, and notify the owner of the vehicle he struck, and if that was not possible, defendant was required to attach securely "in a conspicuous space in or on the vehicle" written notice including his name and address. Based upon the evidentiary record, the judge concluded that defendant did neither of these things. This appeal followed.

## II.

A municipal court decision is appealed to the Law Division. See R. 3:23-1; R. 7:13-1. "In the Law Division, the trial judge 'may reverse and remand for a new trial or may conduct a trial de novo on the record below.'" State v. Robertson, 228 N.J. 138, 147 (2017) (quoting R. 3:23-8(a)(2)). "At a trial de novo, the court makes its own findings of fact and conclusions of law but defers to the municipal court's credibility findings." Ibid. "It is well-settled that the

6

trial judge 'giv[es] due, although not necessarily controlling, regard to the opportunity of the' municipal court judge to assess 'the credibility of the witnesses.'" Id. at 148 (alteration in original) (quoting State v. Johnson, 42 N.J. 146, 157 (1964)).

On appeal from the Law Division's decision, our review "focuses on whether there is 'sufficient credible evidence . . . in the record' to support the trial court's findings." Ibid. (quoting Johnson, 42 N.J. at 162). "[A]ppellate courts ordinarily should not undertake to alter concurrent findings of fact and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." Ibid. (alteration in original) (quoting State v. Locurto, 157 N.J. 463, 474 (1999)). Therefore, appellate review of a de novo conviction in the Law Division following a municipal court appeal is "exceedingly narrow." State v. Reece, 222 N.J. 154, 167 (2015) (quoting Locurto, 157 N.J. at 470). However, the trial court's legal rulings are considered de novo. Robertson, 228 N.J. at 148 (citing State v. Kuropchak, 221 N.J. 368, 383 (2015)).

Nevertheless, we will reverse only after being "thoroughly satisfied that the finding is clearly a mistaken one and so plainly unwarranted that the interests of justice demand intervention and correction." See Johnson, 42 N.J. at 162.

A-2165-23

"We do not weigh the evidence, assess the credibility of witnesses, or make conclusions about the evidence." State v. Barone, 147 N.J. 599, 615 (1997). Because neither the appellate court nor the Law Division judge is in a good position to judge credibility, the municipal court's credibility findings are given deference. See Locurto, 157 N.J. at 470-71.

[T]he rule of deference is more compelling where, as here, both judges made concurrent findings. Id. at 474. "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of fact and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." Ibid. (citation omitted).

The judge found the State met its burden in proving defendant violated N.J.S.A. 39:4-129(b) and N.J.S.A. 4-130 beyond a reasonable doubt. Defendant challenges the judge's finding of guilt as to both charges contending there is a lack of direct evidence that he was driving and caused the crash; the circumstantial evidence was not convincing; and there is reasonable doubt that even if he drove, his conduct did not violate the charged statutes. Because no one observed defendant driving the Tesla, he contends the State did not meet its burden beyond a reasonable doubt.

Due to the inclement weather at the time of the crash, defendant asserts that he did not have to report the accident. Defendant also argues the judge disregarded aspects of Richard's testimony, which were favorable to him. Additionally, defendant contends that the police and judge unfairly considered defendant's alleged "intoxication," which colored the conclusion of his guilt, even though intoxication was not an issue in the case.

Applying our deferential standard of review, we find that the judge considered the totality of the circumstances, including the damage to the two vehicles, the officers' interactions with defendant at his home—where he admitted ownership of the Tesla and operation earlier that evening—in conjunction with defendant's intoxicated appearance and "equivocation." Moreover, the judge highlighted that defendant made a statement against interest to Richard admitting responsibility for the damage, witnessed by Evan. And, defendant apologized for the damage to Brian's vehicle and provided his automobile insurance information to pay for the damage. We find no error here.

In pertinent part, N.J.S.A. 39:4-129(b) states:

> (b) The driver of any vehicle knowingly involved in an accident resulting only in damage to a vehicle, including his [or her] own vehicle, or other property which is attended by any person shall immediately stop his [or her] vehicle at the scene of such accident or as close thereto as possible, but shall then forthwith return

to and in every event shall remain at the scene of such accident until he [or she] has fulfilled the requirements of subsection (c) of this section. Every such stop shall be made without obstructing traffic more than is necessary. Any person who shall violate this subsection shall be fined not less than $200[.00], nor more than $400[.00], or be imprisoned for a period of not more than [thirty] days, or both, for the first offense, and for a subsequent offense, shall be fined not less than $400[.00] nor more than $600[.00], or be imprisoned for a period of not less than [thirty] days nor more than [ninety] days or both.

In addition, a person who violates this subsection shall, for a first offense, forfeit the right to operate a motor vehicle in this State for a period of six months from the date of conviction, and for a period of one year from the date of conviction for any subsequent offense.

The judge found the intent of N.J.S.A. 39:4-129(b) "is to prohibit the automobile driver involved in an accident from evading his [or her] responsibilities by escaping or departing before his [or her] identity is made known." State v. Fisher, 395 N.J. Super. 533, 542 (App. Div. 2007) (quoting State v. Gill, 47 N.J. 441, 443 (1966)). Moreover, we have held that the driver of a hit-and-run vehicle may be proven by circumstantial evidence. See, e.g., id. at 545-46.

Relevant here, N.J.S.A. 39:4-130 provides:

The driver of a vehicle or street car involved in an accident resulting in injury to or death of any person, or damage to property of any one person in excess of

10

$500.00 shall by the quickest means of communication give notice of such accident to the local police department or to the nearest office of the county police of the county or of the State Police, and in addition shall within [ten] days after such accident forward a written report of such accident to the commission on forms furnished by it. Such written reports shall contain sufficiently detailed information with reference to a motor vehicle accident, including the cause, the conditions then existing, the persons and vehicles involved and such information as may be necessary to enable the chief administrator to determine whether the requirements for the deposit of security required by law are inapplicable by reason of the existence of insurance or other circumstances. The chief administrator may rely upon the accuracy of the information contained in any such report, unless he [or she] has reason to believe that the report is erroneous. The commission may require operators involved in accidents to file supplemental reports of accidents upon forms furnished by it when in the opinion of the commission, the original report is insufficient. The reports shall be without prejudice, shall be for the information of the commission, and shall not be open to public inspection. The fact that the reports have been so made shall be admissible in evidence solely to prove a compliance with this section, but no report or any part thereof or statement contained therein shall be admissible in evidence for any other purpose in any proceeding or action arising out of the accident.

Whenever the driver of a vehicle is physically incapable of giving immediate notice or making a written report of an accident as required in this section and there was another occupant in the vehicle at the time of the accident capable of giving notice or making a report, such occupant shall make or cause to be made said notice or report not made by the driver.

11

When considering the factual evidence adduced at the municipal court hearing as applied by Judge Batista in his findings, we find no basis for reversal here. The undisputed evidence provided in the record, including the "matching damage" to the two vehicles, the police officers' interactions with defendant at his home where he admitted ownership of the Tesla and operating the vehicle earlier in the evening, combined with his intoxicated appearance, equivocation, and his admission to Richard, supports the conclusion that defendant left the scene of an accident and failed to report the accident.

We also note the judge placed great weight on a letter drafted by Richard to the municipal court judge, which was entered into evidence at the municipal court hearing and stated:

> Recently very late at night, [defendant] struck my son's car. No one in the house heard the crash. Nor any neighbors. He did not want to ring doorbells in the . . . middle of the night. I was sure he was upset and unsure of what to do. He parked his car in the driveway across the street in plain view of all neighbors. He did not attempt to flee or hide [h]is vehicle. The first thing . . . the next morning, he came to our house and took full accountability for what happened. He apologized . . . profusely and we're more than happy to accept the apology. It was an accident. No one was hurt.

The judge stressed that Richard confirmed his conversation with defendant the morning after the accident.

A-2165-23

These facts were significant to support defendant's convictions for leaving the scene of an accident and failing to report an accident. We conclude the State proved the charges beyond a reasonable doubt. Accordingly, we discern no error.

To the extent that we have not otherwise addressed defendant's arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed. The trial court's stay is vacated.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2165-23